UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| Plaintiff-Respondent, § | |
| § | |
| V. § | CRIMINAL ACTION NO. H-93-312-03 |
| § | |
| ANDRES AYALA ALLENDE, § | |
| § | |
| Defendant-Movant. § | |

**MEMORANDUM AND RECOMMENDATION
DENYING WITHOUT PREJUDICE MOTION FOR
MODIFICATION OF SENTENCE**

Before the Magistrate Judge upon referral is Movant Andres Ayala Allende's Motion for Modification of Sentence (Document No. 220). Having reviewed the Motion for Modification of Sentence, the record of the proceedings before the District Court in the underlying criminal case, and the applicable law, the Magistrate Judge RECOMMENDS, for the reasons set forth below, that Movant Andres Ayala Allende's Motion for Modification of Sentence be DENIED WITHOUT PREJUDICE.

**I.     Procedural History**

Movant, Andres Ayala Allende ("Allende"), who is currently in the custody of the United States Bureau of Prisons, is seeking a modification of his federal sentence based on an amendment to the Sentencing Guidelines.

On December 15, 1993, Allende and three co-defendants were indicted for conspiracy to possess with intent to distribute crack cocaine (count one), and possession with intent to distribute

crack cocaine (count two). A jury convicted Allende of both counts on February 17, 1994. (Document No. 55). The Court sentenced him July 15, 1994, to concurrent terms of 292 months incarceration in the custody of the Bureau of Prisons, he was placed on a concurrent five year supervised release term, and ordered to pay $100 for special assessments. (Document No. 78). Allende appealed his conviction to the Fifth Circuit Court of Appeals, challenging the sufficiency of the evidence to support his conviction. The Fifth Circuit affirmed the conviction on both counts in an unpublished opinion. *United States v. Allende*, 77 F.3d 478 (5th Cir. January 30,1996)(No. 94-20531). (Document No. 119, 121). On May 13, 1996, the United States Supreme Court denied Allende's petition for certiorari. *Ayala-Allende v. United States*, 517 U.S. 1199, 116 S.Ct. 1697. Thereafter, based on an amendment to United States Sentencing Guideline Section 2D1.1(c) Allende moved for, and the government did not contest, a sentence reduction. (Document Nos. 116, 124). On April 5, 1996, the Court granted Allende's request, and on May 2, 1996, issued an Amended Judgment reflecting a sentence of 235 months. (Document Nos.125, 128). No appeal of the Amended Judgment was taken.

On March 27, 2000, Allende filed his § 2255 Motion to Vacate, Correct or Set Aside Sentence. (Document 192). The Undersigned Magistrate Judge issued a Memorandum and Recommendation on May 10, 2000, which recommended that the § 2255 motion be denied as time barred. (Document No. 197). Judge Harmon adopted the recommendation and in a Memorandum and Order denied Allende's § 2255 motion. (Document No. 211). On December 3, 2007, Allende filed his Motion for Modification of Sentence (Document No. 220. This matter is now ripe for ruling.

**II. Discussion**

Allende contends that he is entitled to a sentence modification pursuant to 18 U.S.C. § 3583(c)(2) based on United States Sentencing Guideline Amendment No. 706, which became effective on November 1, 2007, and which changed the base offense for crack cocaine for certain quantities such that the base offense level is reduced by two levels. The Commission, in its Reason for Amendment, wrote:

> The Commission identified as a policy priority for the amendment cycle ending May 1, 2007, "continuation of its work with the congressional, executive, and judicial branches of the government and other interested parties on cocaine sentencing policy," including reevaluating the Commission's 2002 report to Congress, *Cocaine and Federal Sentencing Policy*. As a result of the Anti-Drug Abuse Act of 1986, Pub.L. 99-570, 21 U.S.C. § 841(b)(1) requires a five-year mandatory minimum penalty for a first-time trafficking offense involving 5 grams or more of crack cocaine, or 500 grams of powder cocaine, and a ten-year mandatory minimum penalty for a first-time trafficking offense involving 50 grams or more of crack cocaine, or 5,000 grams or more of powder cocaine. Because 100 times more powder cocaine than crack cocaine is required to trigger the same mandatory minimum penalty, this penalty structure is commonly referred to as the "100-to-1 drug quantity ratio."
>
> To assist the Commission in its consideration of Federal cocaine sentencing policy, the Commission received statements and heard expert testimony from the Executive Branch, the Federal judiciary, defense practitioners, state and local law enforcement representatives, medical and treatment experts, academicians, social scientists, and interested community representatives at hearings on November 14, 2006, and March 20, 2007. The Commission also received substantial written public comment on Federal cocaine sentencing policy throughout the amendment cycle.
>
> During the amendment cycle, the Commission updated its analysis of key sentencing data about cocaine and offenders, reviewed recent scientific literature regarding cocaine use, effects, dependency, prenatal effects, and prevalence; researched trends in cocaine trafficking patterns, price, and use; surveyed the state laws regarding cocaine penalties; and monitored case law developments.
>
> Current data and information continue to support the Commission's consistently held position that the 100-to-1 drug quantity ration significantly undermines various

congressional objectives set forth in the Sentencing Reform Act and elsewhere. These findings will be more thoroughly explained in a forthcoming report that will be present[ed] to Congress, on or before May 15, 2007, a number of recommendations for modifications to the statutory penalties for crack cocaine offenses. It is the Commissions's firm desire that this report will facilitate prompt congressional action addressing the 100-to-1 drug quantity ratio.

The Commission's recommendation and strong desire for prompt legislative action notwithstanding, the problems associated with the 100-to-1 drug quantity ratio are so urgent and compelling that this amendment is promulgated as an interim measure to alleviate some of those problems. The Commission has concluded that the manner in which the Drug Quantity Table in § 2D1.1 (Unlawful Manufacturing, Importing, Exporting, or Trafficking (Including Possession with Intent to Commit These Offenses); Attempt or Conspiracy)) was constructed to incorporate the statutory mandatory minimum penalties for crack cocaine offenses in an area in which the Federal sentencing guidelines contribute to the problems associated with the 100-to-1 drug quantity ratio.

When Congress passed the 1986 Act, the Commission responded by generally incorporating the statutory mandatory minimum sentences into the guidelines and extrapolating upward and downward to set guideline sentencing ranges for all drug quantities. The drug quantity thresholds in the Drug Quantity Table are set so as to provide base offense levels corresponding to guideline ranges that are *above* the statutory mandatory minimum penalties. Accordingly, offenses involving 5 grams or more of crack cocaine were assigned a base offense level (level 26) corresponding to a sentencing guideline range of 63 to 78 months for a defendant in Criminal History Category I (a guideline range that exceeds the five-year statutory minimum for such offense by at least three months). Similarly, offenses involving 50 grams or more of crack cocaine were assigned a base offense level (level 32) corresponding to a sentencing guideline range of 121 to 151 months for a defendant in Criminal History Category I (a guideline range that exceeds the ten-year statutory minimum for such offenses by at least one month). Crack cocaine offenses for quantities above and below the mandatory minimum threshold quantities were set accordingly using the 100-to-1 drug quantity ratio.

This amendment modifies the drug quantity thresholds in the Drug Quantity Table so as to assign, for crack cocaine offenses, base offense levels corresponding to guideline ranges that *include* the statutory mandatory minimum penalties. Accordingly, pursuant to the amendment, 5 grams of cocaine base are assigned a base offense level of 24 (51 to 63 months at Criminal History Category I, which includes the five-year (60 month) statutory minimum for such offenses), and 50 grams of cocaine base are assigned a base offense level of 30 (97 to 121 months at Criminal History Category I, which includes the ten-year (120 month) statutory minimum for such offenses).

4

> Crack cocaine offenses for quantities above and below the mandatory minimum threshold quantities similarly are adjusted downward by two levels. The amendment also includes a mechanism to determine a combined base offense level in an offense involving crack cocaine and other controlled substances.
>
> The Commission's prison impact model predicts that, assuming no change in the existing statutory mandatory minimum penalties, this modification to the Drug Quantity Table will affect 69.7 percent of crack cocaine offenses sentenced under § 2D1.1 and will result in a reduction in the estimated average sentence of all crack cocaine offenses from 121 months to 106 months, based on an analysis of cases sentenced in fiscal year 2006 under § 2D1.1 involving crack cocaine.
>
> Having concluded once again that the 100-to-1 drug quantity ratio should be modified, the Commission recognizes that establishing federal cocaine sentencing policy ultimately is Congress's prerogative. Accordingly, the Commission tailored the amendment to fit within the existing statutory penalty scheme by assigning base offense levels that provide guideline ranges that include the statutory mandatory minimum penalties for crack cocaine offenses. The Commission, however, views the amendment only as an interim solution to some of the problems associated with the 100-to-1 drug quantity ratio. It is neither a permanent nor a complete solution to those problems. Any comprehensive solution to the 100-to-1 drug quantity ratio requires appropriate legislative action by Congress.

U.S. Sentencing Guidelines Manual, Supplement to Appendix C at 229-230 ( 2007).

Here, Allende's PSR (Document No. 67) reveals that this conviction resulted in a base offense level of 40 with a criminal history category of 1. Allende's base offense level was subsequently adjusted two levels downward to a base offense level of 38 when the Court granted Allende's Motion Under 18 U.S.C. § 3582(c)(2) and Sentencing Guideline § 1B1.10 for Reduction of Sentence Based on Guideline Amendment. Now, Allende argues that based Amendment 706, his base offense level for the quantity of crack cocaine attributed to him at sentencing should be lowered two levels, from 38 to 36, with an accompanying reduction in his advisory guidelines range.

> 18 U.S.C. § 3582(c)(2) provides:
> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 944(o), upon motion of the defendant or the

5

> Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in § 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Pursuant to this statute, a reduction in a defendant's sentence may be appropriate in a situation where the defendant has been sentenced to a term of imprisonment based on a sentencing range which has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 944(o), *and* the Commission announces that the amendment is to be retroactively applied. *See United States v. Drath,* 89 F.3d 216, 217 (5th Cir. 1996) (§ 3582 applies only where a guideline is amended and the amendment is expressly made retroactive by the Sentencing Commission). However, if an amendment to the Guidelines is not listed in U.S.S.G. § 1B1.10(c)(Reduction in Term of Imprisonment as a Result of Amended Guideline Range (Policy Statement)) as an amendment which is to be retroactively applied, then the amendment may not serve a basis for reducing a defendant's sentence pursuant to 18 U.S.C. § 3582(c)(2). The twenty-five Sentencing Guideline Amendments listed in § 1B1.10(c), which are to be retroactively applied, are: 126, 130, 156, 176, 269, 329, 341, 371, 379, 380, 433, 454, 461, 484, 488, 490, 499, 505, 506, 516, 591, 599, 606, 657 and 702. Here, Allende relies upon Amendment No. 706, which is not listed in § 1B1.10(c).[1] Because Amendment No. 706 is not mentioned in U.S.S.G. § 1B1.10(c), and has therefore not been made retroactive by the Sentencing Commission, this amendment cannot not serve as a basis for reducing Allende's sentence under § 3582(c)(2). *See United States v. Williams*, 2007 WL 4248878 (S.D. Ala. Nov. 30,

---

[1] On December 11, 2007, the United States Sentencing Commission voted unanimously to retroactively apply Amendment 706. However, the newly amended § 1B1.10 does not take effect until March 3, 2008. Until that date, the Court applies § 1B1.10 in the *Guidelines Manuel* effective November 1, 2007.

2007); *United States v. Paris*, 2007 WL 4201129 (E.D.Mich. Nov. 28, 2007). To the extent Allende argues that the Amendment No. 706 is a clarifying amendment, which need not be listed in §1B1.10(c), and that the Court, in its discretion, may give it retroactive effect, and reduce his sentence, Allende's argument is unavailing given that Amendment No. 706 is a substantive and not a clarifying amendment. *See Williams,* 2007 WL 4248878 n. 10 ("Far from simply implementing the Sentencing Commission's original intent, Amendment 706 reflects a sweeping policy shift to the penalty structure for crack cocaine offenses and is explained by the Sentencing Commission as an "interim solution to some of the problems associated with the 100-to-1 drug quantity ratio.'")(quoting from U.S.S.G. Supp. to Exhibit C, at 230). Moreover, because the Director of the Bureau of Prisons has not moved for a reduction of Allende's sentence, the Court may not grant one pursuant to §3582(c)(1)(A).

As such, Allende is not entitled to any relief under 18 U.S.C. § 3582(c)(2), and his motion should be DENIED without PREJUDICE. Movant may re-urge his motion for modification based on Amendment 706 once it becomes effective on March 3, 2008.

### III. Conclusion and Recommendation

Based on the foregoing, and the conclusion that Allende's claim would not support any relief under 18 U.S.C. § 3582(C)(2), the Magistrate Judge

RECOMMENDS that Movant Andres Ayala Allende's Motion for Modification of Sentence (Document No. 220) be DENIED WITHOUT PREJUDICE.

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented parties of record. Within 10 days after being served with a copy, any party may file written objections pursuant to 28 U.S.C. § 636(b)(1)(C), Fed.R.Civ.P. 72(b), and General Order 80-5, S.D. Texas. Failure to file objections within such period shall bar an aggrieved party from attacking factual

findings on appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Ware v. King*, 694 F.2d 89 (5th Cir. 1982) (en banc). Moreover, absent plain error, failure to file objections within the ten day period bars an aggrieved party from attacking conclusions of law on appeal. *Douglass v. United States Automobile Association*, 79 F.3d 1415, 1429 (5th Cir. 1996). The original of any written objections shall be filed with the United States District Court Clerk, P.O. Box 61010, Houston, Texas 77208.

Signed at Houston, Texas, this 13th day of December, 2007.

Frances H. Stacy
United States Magistrate Judge